UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MSG

19  2287

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5617 Arlington St Philadelphia Pa 19131

Address of Defendant: 12 S 23rd St 6th Fl.

Place of Accident, Incident or Transaction: out in the field

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _____  *Ricardo Simmons*
Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights  [X]
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
   *(Please specify)* _____

B. **Diversity Jurisdiction Cases:**

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ricardo Simmons S., counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

[ ] Relief other than monetary damages is sought.

DATE _____       Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

                                                 CIVIL ACTION

v.

                                                 NO. **19  2287**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.     R.S

5/28/2019        X Ricardo Simmons
Date                                             Pro Se Plaintiff

484 515 1407

**Telephone**                         **FAX Number**                     **E-Mail Address**

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

MSG

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Caption:
Ricardo L. Simmons

_____

*Full name(s) of Plaintiff(s)*

v.

Philadelphia Housing
Authority

_____

*Full name(s) of Defendant(s)*

COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION

CIVIL ACTION
NO. __19__  2287

This action is brought for discrimination in employment pursuant to (check only those that apply):

    ✓    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    ____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission, and you must have been at least 40 years old at the time you believe that you were discriminated against.*

    ✓    Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112-12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    ✓    Pennsylvania Human Relations Act, as codified, 43 Pa. Cons. Stat. §§ 951-963 (race, color, family status, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals).

(Rev 10/2009)

*NOTE: In order to bring suit in federal district court under the Pennsylvania Human Relations Act, you must first file a complaint with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations, and then you must wait one year prior to filing a lawsuit.*

## I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name: Ricardo L. Simmons
Street Address: 5617 Arlington St
County, City: Philadelphia
State & Zip: Pa 19131
Telephone Number: 484-515-1407

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant   Name: Philadelphia Housing Authority
Street Address: 12 S. 23rd St
County, City: Philadelphia
State & Zip: Pa 19103
Telephone Number: 215 684 4000

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer: Philadelphia Housing Authority
Street Address: 12 S. 23rd St
County, City: Philadelphia
State & Zip: Pa
Telephone Number: 215 684 4000

## II. Statement of the Claim

A. The discriminatory conduct of which I complain in this action includes (*check only those that apply to your case*):

___ Failure to hire me
✓ Termination of my employment
___ Failure to promote me

-2-

____ Failure to reasonably accommodate my disability

____ Failure to reasonably accommodate my religion

✗ Failure to stop harassment

____ Unequal terms and conditions of my employment

✗ Retaliation

____ Other (*specify*): _____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

B. It is my best recollection that the alleged discriminatory acts occurred or began on or about: (month) __9__, (day) __1__, (year) __2018__.

C. I believe that the defendant(s) (check one):

✗ is still committing these acts against me.

____ is **not** still committing these acts against me.

D. Defendant(s) discriminated against me based on my (*check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged*):

✗ race __Black__         ✗ color __Black__

____ religion _____      ✗ gender/sex __Male__

____ national origin _____

____ age   My date of birth is _____ (*Give your date of birth only if you are asserting a claim of age discrimination*)

E. The facts of my case are as follow (*attach additional sheets of paper as necessary*):

When I was hired back on 2/2018, Nick was my supervisor, around 9/2018 Nick was transferred to another department due to a sex discrimination charge. Joe Craig became my supervisor. Back in April of 2015 I had filed a complaint against Joe Craig for harresmeAt. When Joe Found out that I was one of employes he was in charge of, one week later he had me fired, they bought me back to work in March of 2019 put me back under Joe, I complained to everybody about working under Joe again, and everybody said not to worry Joe threaten my Joe on one occession by saying he would have my transferred. I was told to keep quiet keep my head down and keep working. A couple of weeks later I was fired again.

-3-

**NOTE:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, or the Philadelphia Commission on Human Relations.*

### III. Exhaustion of Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on: 2/25/2019 (*Date*).

B. The Equal Employment Opportunity Commission (*check one*):

___ has not issued a Notice of Right to Sue Letter.
_X_ issued a Notice of Right to Sue Letter, which I received on 3/25/2019 (*Date*).

**NOTE:** *Attach to this complaint a copy of the Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

C. *Only plaintiffs alleging age discrimination must answer this question.*

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (*check one*):

___ 60 days or more have passed.
___ fewer than 60 days have passed.

D. It is my best recollection that I filed a charge with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct on: _____ (*Date*).

E. Since filing my charge of discrimination with the Pennsylvania Human Relations Commission or the Philadelphia Commission on Human Relations regarding the defendant's alleged discriminatory conduct (*check one*):

___ One year or more has passed.
___ Less than one year has passed.

## IV. Relief

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

- [ ] Direct the defendant to hire the plaintiff.
- [x] Direct the defendant to re-employ the plaintiff.
- [ ] Direct the defendant to promote the plaintiff.
- [ ] Direct the defendant to reasonably accommodate the plaintiff's disabilities.
- [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.
- [ ] Direct the defendant to (*specify*):_____
- [x] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.
- [ ] Other (*specify*):_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 28 day of MAY, 2019.

Signature of Plaintiff _Ricardo Simmons_
Address _5617 Arlington St_
_Philadelphia PA 19131_

Telephone number _484 515 1407_
Fax number (*if you have one*) _____

-5-

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ricardo Simmons<br>5617 Arlington Street<br>Philadelphia, PA 19131 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-02215 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson* (signature)

March 25, 2019

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc:  Wendi D. Barish
Deputy General Counsel
PHILADELPHIA HOUSING AUTHORITY
12 S. 23rd Street 6th Floor
Philadelphia, PA 19103



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2602
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

March 25, 2019

Our References:   Simmons v. PHILADELPHIA HOUSING AUTHORITY
Charge № 530-2019-02215

Ricardo Simmons
5617 Arlington Street
Philadelphia, PA 19131

Dear Mr. Simmons:

This is with reference to your correspondence and subsequent communication with this office in which you alleged employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, by the above-named Respondent.

Review of the available evidence does not establish a violation of the statute(s). This does not certify that Respondent is in compliance with the statutes. While we fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. For this reason, we will issue you a Dismissal and Notice of Rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

We regret that we could not be of further service to you in this matter.

Sincerely,

Edgar Medina
Senior Federal Investigator

Date: 03/25/2019     Interviewer: TANISHA     Philadelphia Bar Association
                                              Lawyer Referral and Information Service
                                              1101 Market Street, 11th Floor
                                              Philadelphia PA 19107-2911
                                              215-238-6333


Ricardo Simmons                                                    (484)515-1407
5617 Arlington St.
Philadelphia, PA 19131

Dear Referred Client:

This letter is to confirm that you were referred to the following attorney in the legal areas of:   Employment Law - Employee,  Employment Law - Union



William S. Braveman, Esq.
123 S. Broad Street
Suite 2135
Philadelphia PA 19109
(215)906-4973
bravemanlaw@comcast.net



As explained when you called, when you either visit or have a telephone consultation with this attorney, you must pay a $35.00 consultation fee.  If the attorney gives you a consultation over the telephone or fails to collect the fee in their office, please send the $35.00 fee to the address in the upper right corner of this sheet within 10 days.  IF YOU DO NOT HAVE A CONSULTATION WITH THIS ATTORNEY, NO MONEY IS DUE. After the first half hour, the fee is negotiated between you and the attorney.

Thank you for this opportunity to serve you.


Sincerely,

The Philadelphia Bar Association
Lawyer Referral & Information Service




Ref# 229947-74200



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## CHARGE OF DISCRIMINATION

For Official Use Only – Charge Number:

EEOC Form 5A (October 2017)

| | |
|---|---|
| **Personal Information** | First Name: Ricardo   MI: L   Last Name: Simmons<br>Address: 5617 Arlington St.   Apt.: ___<br>City: Philadelphia   County: ___   State: Pa   Zip Code: 19131<br>Phone: 484-515-1407 Home ☐ Work ☐ Cell ☑   Email: rt556178icloud.com |
| **Who do you think discriminated against you?** | Employer ☑   Union ☐   Employment Agency ☐   Other Organization ☐<br>Organization Name: Philadelphia Housing authority<br>Address: 1800 S 32nd St   Suite: ___<br>City: Philadelphia   State: Pa   Zip Code: 19145   Phone: 2156844000 |
| **Why you think you were discriminated against?** | Race ☑   Color ☐   Religion ☐   Sex ☐   National Origin ☐   Age ☑<br>Disability ☐   Genetic Information ☐   Retaliation ☑   Other ☐ (specify) |
| **What happened to you that you think was discriminatory?** | Date of most recent job action you think was discriminatory: 11/13/2018, 11/29/18<br>Also describe briefly each job action you think was discriminatory and when it happened (estimate).<br>My supervisor Joe Craig was re still upset from me filing a grievance against him on back in May of 2015 for harassment. On 11/13/2018 I had to take my so to the Docter's. I came into work later that day with the Doctor note. Joe felt as if I was trying to be a smart guy, because the day before Joe just had wrote me up for my attendance on 11/29/18 I was terminated from employment and denied unemployment, were as a union membe, that's are right to collect |
| **Signature and Verification** | I understand this charge will be filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address, phone, or email. I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I understand by signing below that I am filing a charge of employment discrimination with the EEOC. I understand that the EEOC is required by law to give a copy of the charge, which includes my allegations and my name, to the organization named above. I also understand that the EEOC can only investigate charges of job discrimination based on race, color, religion, sex, national origin, age, disability, genetic information, or based on retaliation for filing a charge of job discrimination, participating in an investigation of a job discrimination complaint, or opposing job discrimination.<br><br>I declare under penalty of perjury that the above is true and correct.<br>Signature: Ricardo Simmons   Date: 2/25/2019 |

4-6 weeks

**PHA**
PHILADELPHIA HOUSING AUTHORITY
OPENING DOORS TO OPPORTUNITIES

12 SOUTH 23RD STREET
PHILADELPHIA, PA 19103
PHA.PHILA.GOV

OFFICE OF HUMAN RESOURCES

Bridget C. Walsh
EEO Officer
Human Resources Department
12 South 23rd Street, 5th Floor
Philadelphia, PA 19107
(215) 684-3581 *(direct dial)*
(215) 684-4047 *(facsimile)*
Bridget.Walsh@pha.phila.gov

May 19, 2015

Ricardo Simmons
5617 Arlington Street
Philadelphia, PA 19131

Dear Mr. Simmons:

On April 9, 2015, the Philadelphia Housing Authority ("PHA") Human Resources Department's ("HRD") Equal Employment Opportunity ("EEO") Division received a complaint in which you alleged that Joe Craig discriminated against you and harassed you. You were interviewed regarding your complaint on April 13, 2015.

The EEO Division of HRD received information that you met with Joe Craig and attempted to resolve your differences. In a May 12, 2015 telephone conversation, you confirmed that you met with Joe Craig and that one of the outcomes of the meeting is that you would no longer receive a one day suspension. You indicated that if HRD can confirm that you will no longer receive the suspension, you will withdraw your complaint.

Please be advised, that your one-day suspension was reduced to an oral reprimand. Thus, the only discipline remaining on your record is an oral reprimand. **HRD will administratively close this complaint within ten days of this letter unless you contact us indicating that you still want to pursue it.**

PHA does not condone any discriminatory or harassing conduct and has taken significant steps to invest in a heightened awareness of appropriate workplace behaviors.

PHA continues to work diligently to foster a culture of respect and a workplace that is fair to all employees.

Sincerely,

*[signature]*

Bridget C. Walsh
EEO Officer

BCW:slm-p

**JOHN BALLANTYNE**
EXECUTIVE SECRETARY-TREASURER

**WILLIAM C. SPROULE**
REGIONAL MANAGER, N.J.

**DAVID HAINES**
REGIONAL MANAGER, N.Y. (NW)

**WILLIAM BANFIELD**
REGIONAL MANAGER, N.Y. (SE)

**ROBERT NAUGHTON**
REGIONAL MANAGER, PA., DEL., MD.



UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

**NORTHEAST REGIONAL COUNCIL OF CARPENTERS**

# GRIEVANCE REPORT

Date: February 8, 2019 / 2/21/2019

Name and Clock No. Ricardo Simmons (041841), U-2048-9100

Employed By: Philadelphia Housing Authority

Classification: Carpenter - Temporary, Journeyman

Department: Specialty Crew, Local Union 158

State Fully in the space below the nature of your grievance:

On November 29, 2018, I was wrongfully Terminated from employment, from The Philadelphia Housing Authority I strongley belive that The Philadelphia Housing Authority is pradicing unfair Labor Relations, under the NLRA of 1935

Remarks: Under my CBA from the BCTC of Philadelphia & Vicinity, I'm covered from the words terminate. As a member, we don't get terminated, we get laid-off.

PHA impossed a Hard ship on my Family & Me.

Ricardo Simmons

Member: ___ 158 Local Union

Steward: _____

Council Rep: _____

Mark Durkebc

Ricarde Simmons

☐ 91 FIELDCREST AVENUE, RARITAN PLAZA II, SUITE A18, EDISON NJ 08837 | TEL 732-417-9229 | FAX 732-417-1745
☐ 10 CORPORATE PARK DRIVE, SUITE A, HOPEWELL JUNCTION, NY 12533 | TEL 845-440-1024 | FAX 845-202-7397
☐ 181 INDUSTRIAL PARK ROAD, HORSEHEADS, NY 14845 | TEL 607-739-1028 | FAX 607-739-1042
☐ 1803 SPRING GARDEN STREET PHILADELPHIA, PA 19130 | TEL 215-569-1634 | FAX 215-569-0263

