IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICARDO L. SIMMONS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2287 |
| | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                                                                                                        June 3, 2019

      In this civil action, Plaintiff Ricardo L. Simmons alleges that the Philadelphia Housing Authority ("PHA"), terminated his employment in violation of federal law prohibiting employment discrimination. Simmons seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Simmons leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him filing an amended complaint.

**I.    FACTS**

      Simmons used the Court's form complaint for a plaintiff filing an employment discrimination action to prepare his Complaint. By checking the appropriate locations on the form, Simmons indicates that he is raising claims under Title VII for discrimination based on his race (black), color (black), and gender/sex (male).[1] Simmons indicates that the PHA illegally

---

[1] Simmons also indicates that he is raising claims under the Americans with Disabilities Act ("ADA"), which requires employers to reasonably accommodate the disabilities of their employees. However, Simmons does not allege any disabilities or any facts whatsoever that would suggest that the ADA applies here. Accordingly, the Court assumes he checked this box in error. If he intended to bring a claim under the ADA, that claim fails because Simmons has not alleged any facts to plausibly establish that the ADA applies in his case or was violated in any respect.

1

terminated his employment, failed to stop harassment directed at him, and retaliated against him. He attached to his Complaint a Notice of Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC") dated March 25, 2019.

The Complaint indicates that Simmons was sporadically employed by PHA. In April of 2015, he filed an internal complaint against Joe Craig—who was apparently his supervisor—for "harassment." (Compl. at 6.)[2] A letter attached to the Complaint as an exhibit, which is dated May 19, 2015, indicates that Simmons claimed Craig harassed him and discriminated against him—although it does not indicate on what basis—and documents that the matter was resolved by reducing a one-day suspension imposed upon Simmons to an oral reprimand. (*Id.* at 13.) At some point thereafter, Simmons ceased working for the PHA.

Simmons was rehired by the PHA in February of 2018. In September of 2018, Craig was assigned to be Simmons's supervisor. Simmons alleges that when Craig "found out that [he] was one of the [employees] he was in charge of, one week later he had [Simmons] fired." (*Id.* at 6.) Simmons alleges that he was again rehired in March of 2019, and that Craig was again assigned to be his supervisor. Simmons "complained to everybody about working under [Craig] again," and claims that Craig threatened his job on one occasion by stating he would transfer Simmons. (*Id.*) Simmons "was told to keep quiet[,] keep [his] head down[,] and keep working," but was terminated "a couple of weeks later." (*Id.*)

Simmons attached a copy of a charge of discrimination that he filed with the EEOC as an exhibit to his Complaint, but the facts in this charge differ from those alleged in the body of Simmons's Complaint. In the charge, Simmons alleged that Craig was "still upset" from the grievance Simmons filed in 2015. (*Id.* at 12.) Simmons also alleged that on November 13, 2018,

---

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

2

he came into work late with a doctor's note because it appears he needed to take his son to see the doctor. (*Id.*) Simmons reported that Craig "felt as if [he] was trying to be a smart guy, because the day before [Craig] . . . wrote [him] up for [his] attendance." (*Id.*) Simmons alleged that he was terminated on November 29, 2018.

## II.     STANDARD OF REVIEW

The Court grants Simmons leave to proceed *in forma pauperis* because it appears he is incapable of pre-paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations and generalizations are insufficient to state a claim. *Id.* "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Although a plaintiff need not plead a *prima facie* case of discrimination to state a claim, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal quotations omitted and alteration in original). As Simmons is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the

complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Title VII prohibits an employer from discriminating against an employee based on race, color, or sex, among other things. *See* 42 U.S.C. § 2000e-2(a). To state a claim under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor in [his employer's] adverse employment action against [him]." *Connelly*, 809 F.3d at 789 (internal quotations omitted). For a plaintiff to establish that he was subjected to a hostile work environment based on his membership in a protected class, he "must show that (1) he suffered intentional discrimination because of his [membership in a protected class]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *Id.* § 2000e-3. A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal

evidence of the following elements: (1) [he] engaged in conduct protected by Title VII; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Id.* at 789.

Here, Simmons failed to allege sufficient facts to establish a plausible discrimination or retaliation claim under Title VII. Initially, the facts underlying Simmons claims are unclear because the facts alleged in the body of the Complaint, including the dates of the events in question, differ from the facts alleged in the charge of discrimination attached to the Complaint as an exhibit. Accordingly, it is difficult for the Court to evaluate Simmons's claims because it is not entirely clear what happened to him, when it happened, and why he believes he was discriminated against or retaliated against.

Giving the Complaint and attached exhibits the most liberal reading, none of the facts alleged indicate that the PHA, through Craig, discriminated against or harassed Simmons based on his race, color, gender/sex, or membership in another protected class. The same is true for Simmons's retaliation claim. For Simmons to state a claim, he must describe the events that happened to him so it is clear why he believes he was discriminated against, forced to endure a hostile work environment based on harassment, and/or terminated because of his race, color, or gender, or as a result of retaliation. Simmons's Complaint does not do this. Accordingly, Simmons has failed to state a claim. However, the Court will give Simmons leave to file an amended complaint in the event he can plead additional facts to state a plausible claim for relief. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Simmons's Complaint without prejudice to him filing an amended complaint. Simmons's Motion for Appointment of Counsel is denied

5

without prejudice to Simmons renewing that motion if and when he files an Amended Complaint.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows.